IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TINA O'NEAL, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| v. | : | |
| | : | No. _____ |
| DIVERSIFIED CONSULTANTS, INC., | : | |
| a Florida Corporation, | : | |
| Defendant. | : | |

# COMPLAINT

## INTRODUCTION

1. This is an action for damages against the defendants for violations of the Federal Fair Debt Collection Practices Act [FDCPA], 15 U.S.C. §§ 1692 et seq., and the Georgia Fair Business Practices Act [GaFBPA], O.C.G.A. §§ 10-1-390 et seq.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 1337 (federal question jurisdiction).

3. This court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law claims as they are so related to Plaintiff's federal question claim that they form part of the same case or controversy.

4. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

6. Defendant, DIVERSIFIED CONSULTANTS, INC., is corporation formed under the laws of the State of Florida.  [Hereinafter, said Defendant is referred to as "DIVERSIFIED"].

7. DIVERSIFIED transacts business in this state.

8. DIVERSIFIED's transactions in this state give rise to the Plaintiffs' cause of action.

9. DIVERSIFIED is subject to the jurisdiction and venue of this Court.

10. DIVERSIFIED is duly registered with the Georgia Secretary of State and maintains a registered agent in Georgia.

11. DIVERSIFIED is subject to the jurisdiction and venue of this Court.

12. DIVERSIFIED may be served by personal service upon its registered agent in the State of Georgia, to wit: Incorp Services, Inc., 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

13. Alternatively, DIVERSIFIED may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Florida.

## FACTS COMMON TO ALL CAUSES

14. Defendant regularly uses the mails and telephone in a business the principal purpose of which is the collection of debts.

15. Defendant regularly collects or attempts to collect consumer debts owed or due, or asserted to be owed or do another.

16. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

17. In the course of attempting to collect a consumer debt allegedly due from Plaintiff to a business not a party to this litigation, DIVERSIFIED

communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

18. The alleged debt arose from a disputed personal cell phone bill with T-mobile.

19. The alleged debt which Defendant attempted to collect from the Plaintiff was incurred for personal, family or household purposes.

20. During the 12 months directly preceding the filing of this complaint, Defendant made telephone communications to Plaintiff.

21. It is the practice and procedure of Defendant not to identify itself as a debt collector in telephone voice mail communications to consumers such as Plaintiff.

22. It is the practice and procedure of Defendant not to disclose the purpose of the call in telephone voice mail communications to consumers such as Plaintiff.

23. In at least two telephone voice mail communications sent to Plaintiff, a collection agent for DIVERSIFIED identified as Benjamin, did not state that the communication was from a debt collector.

24. In at least two telephone voice mail communications sent to Plaintiff, a collection agent for DIVERSIFIED identified as Benjamin, did not meaningfully disclose the purpose of the call.

25. In at least two telephone voice mail communications sent to Plaintiff, a collection agent for DIVERSIFIED identified as Benjamin, did not state that the purpose of the communication was an attempt to collect a debt.

26. DIVERSIFIED's ordinary course of business conduct violates multiple sections of the FDCPA.

27. DIVERSIFIED's policy for leaving messages with consumer debtors is intentional.

28. Alternatively, DIVERSIFIED's policy for leaving messages was measured and calculated.

29. Defendant's communications violate the Fair Debt Collection Practices Act.

30. Defendant's conduct violates Georgia's Fair Business Practices Act.

31. Plaintiff has sustained actual damages from Defendant's collection conduct.

32. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

33. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

34. Defendant's violations of the FDCPA include, but are not limited to, the following:

35. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

36. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

37. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

38. As a result of Defendant's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney fees.

## COUNT TWO: VIOLATIONS OF THE GaFBPA

39. DEFENDANT'S actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

40. The conduct of DEFENDANT is a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to the Plaintiff that are referenced above and, as a result, said DEFENDANT is liable to the Plaintiff for the full amount of actual, treble and exemplary damages, along with the attorneys' fees and the costs of litigation.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That PLAINTIFF be awarded statutory, actual, treble and exemplary damages;

b) That PLAINTIFF be awarded costs and the expenses of litigation including a reasonable attorney fee pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399; and

c) Such other and further relief as may be necessary, just and proper, including but not limited to injunctive relief.

**SKAAR & FEAGLE, LLP**

by: /s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax

Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax